IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| JOHN HAMMES FRITZ | : | NO. 07-629 |

MEMORANDUM

McLaughlin, J.                                              October 15, 2009

      John Hammes Fritz was convicted by a jury on June 4, 2009, of one count of knowingly possessing visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B) and one count of transporting visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2242(a)(1).  Mr. Fritz represented himself during the trial with his retained counsel acting as stand-by counsel.  He has now filed a motion for judgment of acquittal and for a new trial.  The Court will deny the motion.

I.   History of the Case

      Mr. Fritz was indicted on October 4, 2007, for possession of child pornography.  The Grand Jury issued a superseding indictment on March 6, 2008, adding a count of transportation of child pornography.  Because Mr. Fritz has a prior conviction for the same crime, Count One carries with it a

ten year mandatory minimum and Count Two carries with it a fifteen year mandatory minimum.

The defendant retained Todd Henry, Esquire to represent him.  On May 30, 2008, he terminated the representation by Mr. Henry and instead retained Douglas P. Earl, Esquire.  On June 30, 2008, the Court held a colloquy with Mr. Fritz concerning his request to represent himself in this matter.  The Court stressed to Mr. Fritz the dangers of representing himself, especially in light of the severe mandatory punishment for a violation of the sections of the statute with which he is charged.  The Court found after extensive questioning that Mr. Fritz had knowingly and voluntarily waived his right to counsel.

There then began a series of twelve status conferences that the Court held with government counsel, Mr. Fritz and his stand-by counsel, Mr. Earl, on the following dates: July 10, 2008; September 10, 2008; October 6, 2008; December 22, 2008; December 30, 2008; January 5, 2009; February 20, 2009; April 8, 2009; April 27, 2009; May 11, 2009; May 22, 2009; and, May 29, 2009.  Transcripts of all of these conferences/hearings are in the file.

The Court closely monitored the case during these conferences.  The Court discussed the status of discovery and various scheduling issues during the conferences.  On September 10, 2008, out of an abundance of caution, the Court ordered a

competency evaluation of the defendant.  Dr. Pogos Voskanian submitted a competency evaluation dated September 15, 2008, finding the defendant competent.  At the October 6, 2008, conference, the Court accepted the report with no objection from either party and found the defendant competent.

Through much of his pretrial detention, Mr. Fritz was in the Special Housing Unit ("SHU") at the Federal Detention Center.  He complained at different times about not getting discovery or having his papers taken from him.  The Court on several occasions spoke with counsel for the Federal Detention Center and Regional Counsel for the Bureau of Prisons to be sure that Mr. Fritz was allowed to keep his papers that were relevant to this case and to communicate with the Court.  The Court is confident that both of these goals were achieved.

The government's opposition to the pending motion sets out its own compliance with its discovery obligations and from the Court's close monitoring of this case, the Court is convinced that it is accurate.

The Court held a hearing on April 8, 2009, concerning Mr. Fritz' allegations that his discovery was taken from him.[1]  The Court questioned Mr. Fritz closely both in the presence and outside the presence of the prosecutor and was convinced that Mr.

---

[1] There are two transcripts for this date.  One contains the sealed portion of the hearing at which the prosecutor was not present.

Fritz had everything he needed.  Mr. Fritz had not been prejudiced by the status of discovery.  At that hearing, as the Court regularly did, the Court urged Mr. Fritz to rethink representing himself. The Court offered to appoint new counsel to represent Mr. Fritz with whom he might be more comfortable than with his retained counsel.  The Court scheduled a hearing on April 27, 2009, at which a lawyer from the Federal Defender's Office, Stuart Patchen, Esquire, attended.  Mr. Patchen spoke with Mr. Fritz privately about possibly representing him.  Mr. Fritz, however, decided that he wanted to continue to represent himself.  Mr. Fritz said that he did not want the Court to appoint him new counsel because counsel would not agree to raise all the issues that he, Mr. Fritz, wanted to be raised.  The Court explained to Mr. Fritz that a lawyer has certain ethical obligations and that he cannot agree beforehand to do every thing that a defendant wants him to do.

After the grand jury issued a superseding indictment on March 6, 2008, Mr. Fritz and the government had discussions concerning a possible non-jury disposition of the matter.  The Court was not in any way involved with these discussions but did, at the request of the parties, put off the trial to allow further negotiation.  Mr. Fritz decided not to take the government's plea offer.

At a conference with the Court on May 22, 2009, for the first time, the defendant brought up the fact that he may want to retain an expert. He had never raised this issue before in any of the twelve conferences that the Court held. Mr. Fritz did not specifically ask for a continuance of the trial, nor did he explain to the Court how and when he would get an expert. The Court was never presented with any proposal with respect to any expert.

Trial started on June 1, 2009, and the jury returned its verdict on June 4, 2009.

II. <u>Discussion</u>

Mr. Fritz has moved for judgment of acquittal under Fed. R. Crim. P. 29 and in the alternative for a new trial under Fed. R. Crim. P. 33. He claims that the trial was unfair for two reasons: (1) he was unfairly disadvantaged by the "non-disclosure of the discovery" until one business day before the trial; and (2) the case agent's expert testimony was not admissible under Fed. R. Evid. 702.

As an initial matter, there was very strong evidence of guilt in this case. The government has accurately set forth the evidence in its opposition to the motion. Although the defendant does not specifically argue that the evidence at trial was insufficient to convict him, the Court has reviewed the evidence

and finds that it is more than sufficient.  The government had a very strong case.

Nor is there any basis for Mr. Fritz' statement that he did not receive the discovery until the day before the trial. All the discovery that was provided on the Friday before the start of trial was previously provided to his retained counsel and retained stand-by counsel well before the trial date.  The government counsel read aloud into the record the dates when the discovery was previously provided to the defendant before serving it personally on the defendant in the courtroom.  The Court is also convinced that not just his stand-by counsel had the discovery but Mr. Fritz, himself, did.  Nor did Mr. Fritz ask for a continuance of the trial to do any additional preparation.

The Court has also considered the defendant's argument that he was prejudiced by not having an expert.  The defendant never explained why he was not able to obtain an expert over the year preceding his trial.  There was no basis for the Court to think that an expert would even be helpful to the defendant.  The defendant never articulated what he wanted the expert to do and what kind of expert opinions he thought might be helpful.

It also became clear to the Court during the trial that Mr. Fritz had substantial knowledge and experience with computers.  His cross-examination of the government's opinion witness was very pointed and demonstrated much knowledge of

computers.  The defendant has not convinced the Court that his failure to have an expert prejudiced him.  He has failed to explain how an expert would have been any more effective than he was when he cross-examined the special agent with respect to the computer information provided in discovery.

The defendant argues that the government's computer forensics expert's testimony and the evidence upon which he relied for his opinions were inadmissible under Federal Rule of Evidence 702.  He claims that the expert's testimony was based on unreliable evidence.  As an initial matter, Mr. Fritz never raised these objections at trial.  The government's expert, Special Agent Sullivan, testified to his background and training in the field of computer forensics.  He discussed the courses he had taken, the training that he had, and his law enforcement experience in investigating hundreds of computer crimes cases, many of which were initiated because the U.S. Secret Service had an agreement with the Philadelphia Police Department to assist them in computer crimes cases.  Special Agent Sullivan explained the process by which he searched the computers in great detail.  The Court concludes that Special Agent Sullivan was qualified to give the opinions he gave and that his testimony complied with Federal Rule of Evidence 702.

An appropriate Order shall issue separately.