IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :    CRIMINAL ACTION
    :
    v.    :
    :
JOHN HAMMES FRITZ    :    NO. 07-629


MEMORANDUM

McLaughlin, J.        March 21, 2014


This action arises from the conviction of John Hammes Fritz, on June 4, 2009, of one count of knowingly possessing visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B) and one count of transporting visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1). The Court denied Fritz's motion for judgment of acquittal and for a new trial on October 15, 2009. After his conviction was affirmed by the Third Circuit, Fritz filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 140), as well as a Motion to Appoint Computer Expert (Docket No. 143), and an Amended Motion to Appoint Computer Expert (Docket No. 154). The Court will deny both the § 2255 motion and the motions requesting a computer expert.

I.    Background[1]

Fritz was indicted on October 4, 2007, for possession
of child pornography.  The grand jury issued a superseding
indictment on March 6, 2008, adding a count of transportation of
child pornography.

Fritz retained Todd Henry, Esq. to represent him.  On
May 30, 2008, Fritz terminated Henry's representation and
retained Douglas P. Earl, Esq.  On June 30, 2008, the Court held
a colloquy with Fritz concerning his request to represent
himself in this matter.  The Court stressed to Fritz the dangers
of representing himself, especially in light of the severe
mandatory punishment for a violation of the sections of the
statute with which he was charged.  The Court found after
extensive questioning that Fritz had knowingly and voluntarily
waived his right to counsel.

The Court then held a series of twelve status
conferences with government counsel, Fritz, and his standby
counsel, Earl, on the following dates:  July 10, 2008; September
10, 2008; October 6, 2008; December 22, 2008; December 30, 2008;
January 5, 2009; February 20, 2009; April 8, 2009; April 27,

---

[1] The Court incorporates in this section many of the facts
as stated in its decision dated October 15, 2009 (Docket No.
117).

2009; May 11, 2009; May 22, 2009; and May 29, 2009.  Transcripts of all of these conferences and hearings are available.

The Court closely monitored the case during these conferences.  The Court discussed the status of discovery and various scheduling issues during the conferences.  On September 10, 2008, out of an abundance of caution, the Court ordered a competency evaluation of the defendant.  Dr. Pogos Voskanian submitted a competency evaluation dated September 15, 2008, finding the defendant competent.  At the October 6, 2008 conference, the Court accepted the report with no objection from either party and found the defendant competent.

At a conference with the Court on May 22, 2009, for the first time, the defendant brought up the fact that he may want to retain an expert.  He had never raised this issue before in any of the twelve conferences that the Court held.  Fritz did not specifically ask for a continuance of the trial, nor did he explain to the Court how or when he would get an expert.  The Court was never presented with any proposal with respect to any expert.

Trial started on June 1, 2009, and the jury returned its verdict on June 4, 2009.  On June 9, 2009, Fritz filed a motion for judgment of acquittal and for a new trial, which was

denied on October 15, 2009.  Fritz was sentenced on October 23, 2009.

Fritz appealed, and the Third Circuit affirmed his conviction in 2011.  On direct appeal, the panel addressed the single issue raised by Fritz:  the sufficiency of the evidence.  United States v. Fritz, 453 F. App'x 204, 205 (3d Cir. 2011).  Fritz admits that sufficiency of the evidence was the only ground raised on appeal.  See Def.'s Mot. at 2, ECF No. 140.

Fritz then filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence of a person in federal custody, on November 26, 2012.  Fritz filed a motion to appoint a computer expert on February 12, 2013, and amended that motion on October 22, 2013.

II.  Discussion

A.  Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

Fritz argues that he was denied due process of law when his pre-trial request for a computer expert was denied.  This issue, however, was not raised on appeal.  Because Fritz did not raise that issue on direct appeal, and Fritz does not here make claims of actual innocence or attempt to show the existence of cause and prejudice, the Court concludes that his

4

due process claim is procedurally defaulted.  Even considered on the merits, Fritz's due process claim would not succeed because Fritz has not argued how an expert would have changed the outcome of his trial or sentencing.

Fritz also claims that his appellate counsel was ineffective for failing to appeal the Court's denial of his request for an appointment of an expert and failing to appeal the Court's admission of certain images and videos of children engaged in sexually explicit conduct.  Fritz had extended status conferences with the Court but raised his request for an expert, without an accompanying proposal, at the eleventh hour before trial.  His appellate counsel's choice to refrain from raising the appointment of an expert on appeal was not ineffective.  Furthermore, the government's use of photographs and videos at trial was limited and highly relevant, and appellate counsel was not ineffective in declining to raise that issue on appeal.


1.   Due Process

Section 2255 permits a Court to vacate, correct, or set aside a sentence that "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is

5

otherwise subject to collateral attack . . . ."  28 U.S.C.
§ 2255(a).  Courts have found that a federal sentence is
unconstitutional and hence vulnerable to a § 2255 attack,
despite a valid conviction, if the sentence results from the
denial of a procedural right protected by the Due Process Clause
of the Fifth Amendment.  See United States v. Vancol, 778 F.
Supp. 219, 222 (D. Del. 1991), aff'd, 970 F.2d 901 (3d Cir.
1992).  The Supreme Court has noted, however, that § 2255 "does
not encompass all claimed errors in conviction and sentencing."
United States v. Addonizio, 442 U.S. 178, 185 (1979).

       "Because collateral review under § 2255 is not a
substitute for direct review, a movant ordinarily may only raise
claims in a 2255 motion that he raised on direct review."  Hodge
v. United States, 554 F.3d 372, 378-79 (3d Cir. 2009) (citing
Bousley v. United States, 523 U.S. 614, 621 (1998)).  Claims
that are not raised on direct appeal are "procedurally
defaulted" and cannot be used to collaterally attack a sentence
unless a movant "can prove either that he is actually innocent
of the crime for which he was convicted, or that there is a

valid cause for the default, as well as prejudice resulting from the default." Id. at 379 (citing Bousley, 523 U.S. at 622).[2]

Cause can be established by showing some external impediment to the defendant's timely assertion of the claim, typically either governmental interference or ineffective assistance of counsel.[3] Prejudice is established if there is a reasonable probability that the result of the trial would have been different. Strickler v. Greene, 527 U.S. 263, 289 (1999); see also Williams v. United States, No. 07-2684, 2008 WL 474112, at *6 (D.N.J. Feb. 19, 2008); D'Amario v. United States, 403 F. Supp. 2d 361, 374-75 (D.N.J. 2005). A movant who cannot show the cause and prejudice necessary to avoid procedural default may still overcome the bar on relief if he can demonstrate that for the Court to deny relief would be a miscarriage of justice. This exception only applies if the prisoner can make a persuasive demonstration that he is innocent. 3 Charles Alan

---

[2] The Court is not required to raise the issue of procedural default sua sponte, but the Court has discretion to do so. See United States v. MacEwan, No. 04-262, 2008 WL 862396, at *10 n.5 (E.D. Pa. Mar. 31, 2008); Langston v. United States, 105 F. Supp. 2d 419, 422 n.2 (E.D. Pa. 2000) (citing Smith v. Horn, 120 F.3d 400, 408-09 (3d Cir. 1997)).

[3] This ineffectiveness must rise to the level of a Sixth Amendment constitutional violation. Hodge, 554 F.3d at 379.

Wright & Sarah N. Welling, Federal Practice & Procedure:
Criminal § 631, at 699-700 (4th ed. 2011).

Ineffective assistance of counsel claims can be raised
for the first time in a § 2255 petition without the need to
satisfy the cause and prejudice test.  See Levan v. United
States, 128 F. Supp. 2d 270, 279 n.13 (E.D. Pa. 2001); see also
United States v. Rieger, 942 F.2d 230, 235-36 (3d Cir. 1991).
Therefore, if a movant brings both an ineffective assistance of
counsel claim and a due process claim under § 2255, neither of
which were raised on direct appeal, the Court need not conduct a
procedural default analysis as to the ineffectiveness claim.
The Court may, however, consider whether the movant procedurally
defaulted his due process claim.  See United States v. Zwick,
No. 07-425, 2011 WL 666182, at *9 (W.D. Pa. Feb. 14, 2011).

Fritz argues that he was denied due process of law
when his pre-trial request for a computer expert was denied.
Fritz admits in his § 2255 motion that he did not raise his due
process claim on appeal.[4]  Fritz makes no claims of actual
innocence, and he also fails to address whether cause and

_____

    [4] Fritz could have brought his due process claim on direct
appeal, even though his ineffectiveness claim is disfavored on
direct appeal.  Zwick, 2011 WL 666182, at *9 (citing United
States v. Ausburn, 502 F.3d 313, 327 (3d Cir. 2007) (holding
that "our appellate review is broad enough to police any
violations of due process")).

prejudice exist here to prevent procedural default.  The Court concludes that Fritz's due process claim has been procedurally defaulted.

Because the Court concludes that Fritz's direct due process claim was procedurally defaulted, the due process issue can only be raised at this stage through an argument that appellate counsel was ineffective for failing to raise the issue on appeal.  In his § 2255 motion, Fritz did raise the question of whether appellate counsel was ineffective for failing to raise the computer expert issue.  The Court explains below why it was not ineffective for counsel to decline to raise the due process issue on appeal.  Mainly, Fritz cannot show that there is a reasonable probability that the result of the trial would have been different.  Fritz admits as much:

> [A] dispositive answer as to the question of exactly what prejudice [Fritz] suffered is dependent upon what a defense expert would have contributed at trial.  And this, in turn, is dependent on an expert now being appointed to examine Agent Sullivan's report and [Fritz's] computer and testify about his findings at an evidentiary hearing on these proceedings.

Def.'s Reply Br. at 27, ECF No. 151.  Such a finding of prejudice is speculative, at best.

Even on its merits, Fritz cannot prove a due process violation here.  A similar due process claim was raised in Rogers v. United States, No. 07-7179, 2012 WL 225805 (S.D.N.Y.

9

Jan. 11, 2012).  There, Rogers was convicted on two counts of advertising to receive, exchange, and distribute child pornography and one count of transporting child pornography by computer.  After his conviction was affirmed, Roberts filed a § 2255 motion, including a due process claim.  Id. at *1. Roberts argued that he was denied due process of law because the trial court refused his request to retain a computer expert and a sentencing mitigation specialist and denied him access to a second computer expert.  The Court found that there was "no evidence in the record of any refusal by [the judge] to permit computer experts."  Id. at *4.  Furthermore, "even if [the judge] erred in refusing Rogers' request for a computer expert and delayed access to a second computer expert, such error was harmless."  Id.  The error was harmless because Rogers provided no argument in his § 2255 motion as to how a computer expert would have changed the outcome of his trial or sentencing.  Id.[5]

The Court finds the reasoning in Rogers to be persuasive here.  Fritz's request for an expert was made without details of how or when he would retain one, and Fritz submitted no proposal.  Even at this late date, Fritz's arguments that an

---

[5] With regard to the related ineffectiveness argument, the Court found that "to the extent that Rogers challenges counsel's failure to raise this issue on direct appeal, counsel's decision was reasonable."  2012 WL 225805, at *4.

expert's investigation could have contributed to his defense at trial, or his sentencing, are speculative.  Accordingly, Fritz has not demonstrated that he was denied due process when his request for a computer expert soon before trial, without detail and after numerous other status conferences, was rejected.

### 2.   Ineffective Assistance of Counsel

In order to prove ineffective assistance of counsel, a defendant must meet the requirements of both prongs of the test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  The defendant must first show that his attorney's actions fell below "an objective standard of reasonableness" so that he was not "functioning as the 'counsel' guaranteed by the Sixth Amendment."  Id. at 687-88.  Second, the defendant must show prejudice from his attorney's errors:  a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  A reasonable probability means a probability "sufficient to undermine confidence in the outcome."  Id.  The proven errors must be so serious that the defendant was deprived of "a trial whose result is reliable."  Id. at 687.

Fritz claims that his appellate counsel was ineffective for failing to appeal the Court's denial of his

11

request for an appointment of an expert and failing to appeal the Court's admission of certain images and videos of children engaged in sexually explicit conduct.[6]  The Court concludes that his counsel was not ineffective.

a.  Expert

The Court considered in its October 15, 2009 decision denying Fritz's motion for judgment of acquittal and for a new trial whether Fritz was prejudiced by not having an expert.  In that decision, the Court described the process leading up to Fritz's trial.  The Court has also incorporated those relevant facts in this decision.  The Court described its efforts to convince Fritz to allow the Court to appoint counsel for him.  However, Fritz refused.  The Court also described a series of twelve status conferences that the Court had with Fritz and government counsel during which the Court closely monitored discovery and all aspects related to the trial.

---

[6] In his motion, Fritz emphasized that Earl, as his standby trial counsel, did not champion his request for an expert or raise the issue of an expert on appeal.  The cases Fritz cites where trial counsel is found ineffective for failure to hire an expert are not relevant here, however.  Fritz was pro se at trial, and only Earl's performance at the appellate level can be at issue in any ineffectiveness claims.  Def.'s Reply Br. at 17-23, ECF Nos. 150-1, 151.

It was not until May 22, 2009, nine days before the trial date that had been continued on several occasions, that Fritz brought up the notion of retaining an expert.  He had never raised that issue before, however, at any of the twelve conferences that the Court had held.  He did not specifically ask for a continuance of the trial or explain to the Court how or when he would obtain an expert.  The Court was never presented with any proposal with respect to any expert.  The government contends, in its opposition to the § 2255 motion, that the mention of an expert by Fritz at the last minute was a delaying tactic.  It may certainly have been such.  The defendant certainly never raised it before that date.

In its October 15, 2009 decision, the Court considered whether the defendant was prejudiced by not having an expert and whether he had ever properly asked for one.  The defendant never explained why he was not able to obtain an expert over the year preceding his trial.  There was no basis for the Court to think that an expert would even be helpful to the defendant.  The defendant never articulated what he wanted the expert to do or what kind of expert opinions he thought might be helpful.  Fritz demonstrated substantial knowledge and experience with computers during the trial.  Fritz failed to explain how an expert would have been any more effective than he was when he cross-examined

13

the special agent with respect to the computer information provided in discovery, and therefore no prejudice exists here. See United States v. Richardson, No. 98-5548, 1999 WL 262435, at *5 (E.D. Pa. May 3, 1999) (denying § 2255 motion that trial attorney was ineffective for failing to hire another expert because the defendant did not offer evidence that another expert would have concluded differently, and so no prejudice existed).

b.   Images and Videos

As to the claim that appellate counsel was ineffective for failing to appeal the Court's admission of certain images and videos of children engaged in sexually explicit conduct, the images and videos were relevant because they helped prove that Fritz was guilty of the charged crimes.  It showed and directly proved that Fritz knowingly possessed material showing children engaged in sexually explicit conduct.  The government was entitled to prove its case by evidence of its own choice as long as it was admissible.  The Court conducted an analysis under Federal Rule of Evidence 403 and found that the relevance was not outweighed by the prejudice.[7]

_____

[7] Furthermore, Fritz only stipulated that the people depicted in the images and photographs were minors.  He did not

14

The Court notes that no sound was used on the videos. The government displayed each of the images for only two to three seconds and each of the videos for approximately fifteen seconds.  The Court also questioned jurors during voir dire about the nature of the case and whether they could be fair notwithstanding the images.  The government showed seventeen of 789 photographs and five of 107 videos that were found on Fritz's computer.

B.    Motion for Appointment of a Computer Expert

In the initial motion requesting a computer expert, Fritz attached a statement from Kimberly Collins, an investigator at the Federal Community Defenders Office, who reviewed the government expert's report.  Def.'s Expert Motion, Ex. A, ECF No. 143-1.  Although she states that she is "certainly not an expert in computer forensics," she recommends that an independent computer forensic analysis be completed. Id.  Based on the issues highlighted by the investigator, Fritz requested that the Court appoint a forensic computer expert to examine his computer and issue a report on:  (1) whether the evidence offered at trial about the dates and times the images

stipulate that the images depicted minors engaging in sexually explicit conduct.

15

were downloaded was reliable; (2) whether Fritz's computer as
set to "send" the images he was charged with sending; (3)
whether a computer virus may have been responsible for the
downloaded images; (4) whether the images that Fritz was charged
with downloading were, in fact, downloaded; and (5) any findings
that dispute the testimony of Special Agent Michael Sullivan,
the government's expert.

     In his amended motion, Fritz attaches an affidavit
from Tami L. Loehrs, who Fritz states is a computer forensics
expert.  Ms. Loehrs was retained in September 2013.  Ms. Loehrs
reviewed the testimony of Special Agent Sullivan, and she
concluded that multiple user accounts had access to Fritz's
computer and that malware was found on the computer.  She states
that these conditions could have supported Fritz's defense at
trial that others were responsible for the images found on his
computer, but that there is a need to conduct an in-depth
analysis of all the activity that occurred on the computer
during the relevant dates and times.  Def.'s Amended Expert Mot.
at 3, ECF No. 154.  Fritz therefore requests the appointment of
a forensic computer expert to examine, report, and testify on
the functioning of the computer in this matter.

     Some limited discovery is available to movants under
§ 2255.  Rule 6(a) of the Rules Governing Section 2255

16

Proceedings in the United States District Courts ("Section 2255 Rules")[8] allows either the defendant or the government to use the discovery devices available under the Federal Rules of Civil or Criminal Procedure if the Court authorizes such discovery "for good cause."  3 Wright & Welling, <u>supra</u>, § 634, at 728.

A movant "may satisfy the 'good cause' standard by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ." <u>Williams v. Beard</u>, 637 F.3d 195, 209 (3d Cir. 2011).  The defendant must point to "specific evidence that might be discovered that would support a constitutional claim." <u>Marshall v. Hendricks</u>, 103 F. Supp. 2d 749, 760 (D.N.J. 2000) (citing <u>Deputy v. Taylor</u>, 19 F.3d 1485, 1493 (3d Cir. 1994)), <u>rev'd in part on other grounds</u>, 307 F.3d 36 (3d Cir. 2002).

Rule 6(a) requires Court authorization; there is no entitlement to discovery.  It is not specific about what discovery methods should be used or how discovery procedures should be administered.  A request for discovery must be accompanied by the reasons for the request, as well as proposed interrogatories and requests for admission and a list of any

---

[8] Rule 6 of the Section 2255 Rules is the same as Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.  Therefore, some law interpreting this rule is in the context of habeas cases and not just § 2255 motions.

requested documents.  See 3 Wright & Welling, supra, § 634, at
729 (citing Smith v. United States, 618 F.2d 507, 509 (8th Cir.
1980)).

        The Court finds that Fritz cannot show good cause here
because the results of a forensic examination by a computer
expert would be largely irrelevant to whether the Court made a
constitutional error in denying Fritz's request for an expert or
whether Fritz's appellate counsel was ineffective in failing to
argue that on appeal.  Fritz is seeking an expert to support
that someone else downloaded the images used to convict him.
The forensic computer expert's report would then support Fritz's
defense at trial, not his constitutional claims regarding due
process or ineffectiveness.

        It is possible to demonstrate good cause to conduct
discovery on a due process claim where the claim depends on
post-trial scientific developments and independent expert
analysis indicates that the trial testimony of the government's
expert is fundamentally unreliable.  See Han Tak Lee v. Glunt,
667 F.3d 397 (3d Cir. 2012).  To the extent that the good cause
standard could possibly be met here, Fritz's due process claim
was procedurally defaulted, and therefore no good cause can be
shown.  See Webb v. Carroll, No. 02-583, 2003 WL 22299036, at
*14 (D. Del. Oct. 6, 2003) (denying motion for discovery,

18

including expert discovery, in habeas case because no good cause was shown where the related claims were found to be procedurally defaulted).  Therefore, Fritz is not entitled to discovery, including expert discovery, under the Section 2255 Rules.

Furthermore, to the extent that Fritz's request can be characterized as a request for "services other than counsel" under the Criminal Justice Act, the Court will deny this request.  Pursuant to 18 U.S.C. § 3006A(e), an indigent defendant is entitled to "investigative, expert, or other services necessary for adequate representation" upon a finding that such assistance is necessary.  The Court determines that assistance under the Criminal Justice Act is not necessary here. See Webb, 2003 WL 22299036, at *14.

III. Conclusion

For the reasons stated above, the Court denies Fritz's § 2255 motion and his motions to appoint a computer expert. An appropriate Order shall issue.

19